UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN JAMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01474-TWP-MPB ) |
| U.S. PAROLE COMMISSION, | ) ) ) |
| Defendant. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Calvin James, an inmate at the Marion County Jail, brings this civil against the United States Parole Commission asserting that the Parole Commission violated his due process rights.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion

James alleges that the Parole Commission has violated his Fourteenth Amendment rights in the course of parole revocation proceedings. He seeks as relief reinstatement to parole, termination of his parole, and damages for the time he has spent illegally incarcerated.

Based on the screening described above, James's complaint must be **dismissed**. The complaint challenges that validity of James's current confinement. Such a challenge must be brought in a petition for a writ of habeas corpus and cannot be brought in a civil rights case. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997). The Court notes that a civil rights action may lie where the plaintiff challenges parole revocation proceedings and seeks a new hearing, but does not seek an order directing a change to his parole status. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). But that is not what James requests in this case. He specifically requests an order directing a change in his parole status. He may be able to file a petition for a writ of habeas corpus to seek this relief.

## III. Conclusion

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through July 10, 2018,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 6/11/2018

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CALVIN JAMES
#00304-025
MARION COUNTY JAIL
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204