UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CALVIN JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01474-TWP-MPB |
| | ) | |
| U.S. PAROLE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion to Dismiss and Directing Entry of Final Judgment**

This matter is before the Court on a Motion to Dismiss for lack of jurisdiction (Dkt. 20), filed by Defendant U. S. Parole Commission (the "Commission"). Plaintiff Calvin James ("Mr. James"), a federal inmate, brought this civil rights action against the Commission asserting that the Commission violated his due process rights. The Court screened the complaint pursuant to 28 U.S.C. § 1915A(b) and dismissed all of his claims except a claim for injunctive relief. Dkt. 8. The Commission seeks dismissal of the remaining claim asserting that Mr. James lacks standing to bring it. For the following reasons, the motion to dismiss is **granted**.

**I. Standard of Review**

Standing is a question of subject matter jurisdiction, and therefore properly raised in a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). *Laurens v. Volvo Cars of North America, LLC*, 868 F.3d 622, 624 (7th Cir. 2017); *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition."). When ruling on a Rule 12(b)(1) motion, the Court "'must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor,

*unless* standing is challenged as a factual matter.'" *Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622, 624-25 (7th Cir. 2017) (quoting *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691 (7th Cir. 2015)). If the defendant raises a factual challenge to standing, the plaintiff must show standing by a preponderance of the evidence. *Id.* (citing *Kathrein v. City of Evanston, Ill.*, 636 F.3d 906, 914 (7th Cir. 2011)).

## II. Factual and Procedural Background

On July 31, 1980, Mr. James was sentenced "in the Southern District of Illinois to a term of 14 years for the offense of Bank Robbery Using a Dangerous Weapon." Dkt. 20-2, pg. 4. This case arises out of Mr. James's most recent parole, which was granted on April 24, 2017. *Id.* at 5. On May 2, 2017, Mr. James violated a condition of his parole by refusing to participate in a drug aftercare program. *Id.* at 4. On June 12, 2017, he violated another parole condition by moving to a different residence without reporting his whereabouts to his parole officer within 48 hours. *Id.* And on June 14, 2017, he violated a third parole condition by refusing to submit to a drug test. *Id.* On June 19, 2017, Mr. James's parole officer reported the violations to the Commission, and the following day, it issued a warrant for Mr. James's arrest. *Id.* at 3-4. He was arrested on September 25, 2017. *Id.* at 1.

The Commission held a revocation hearing on December 14, 2017. Dkt. 20-3. Based upon the evidence presented at that hearing, the Commission found that Mr. James had violated three of his parole conditions and revoked his parole. *Id*. On February 1, 2018, the National Appeals Board (the "Board") received Mr. James's appeal of its revocation decision. *Id.* at 4. On February 21, 2018, it issued a "Notice of Action on Appeal" affirming the Commission's decision. *Id.* at 1.

On May 14, 2018, Mr. James filed a Complaint in this Court alleging that the Commission had violated his constitutional rights when it revoked his parole. Dkt. 1. He asked "to be reinstated

back on parole" as well as for money damages and other relief. *Id.* The Court screened his complaint and determined it should be dismissed because the relief Mr. James was seeking—a change in his parole status—could not be granted through a civil rights action, but that Mr. James "may be able to file a petition for a writ of habeas corpus to seek this relief." Dkt. 6. Mr. James was provided with the opportunity to show cause why his complaint should not be dismissed. *Id.* He responded by alleging that the Commission had taken too long after the revocation hearing to issue its decision, and that the Board had never taken any action on his appeal. Dkt. 7. In light of this response, the Court permitted Mr. James's "claim for injunctive relief" for "the Commission to justify why it has failed to answer [Mr. James's] appeal" to proceed. Dkt. 8.

### III. Discussion

The Commission seeks dismissal of Mr. James's claims arguing that the Court does not have subject matter jurisdiction over it because it cannot redress his alleged injury.

The jurisdiction of the federal courts is limited to "cases" and "controversies." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Constitutional standing requires three elements: (1) an "injury in fact" (2) that is "fairly traceable" to the defendant's conduct and (3) redressable by way of judicial decision. *Id.* at 560-61 (1992) (internal quotations and citations omitted). The burden rests on "[t]he party invoking federal jurisdiction" to show he has met this requirement. *Id.* at 561. A plaintiff cannot show the third requirement, that his injury is redressable, even if he has suffered a procedural irregularity, "unless a concrete loss has been caused by that irregularity and could be rectified by a judicial decision." *Cornucopia Inst. v. United States Dep't of Agric.*, 884 F.3d 795, 797 (7th Cir. 2018).

The Commission argues that Mr. James lacks standing because his claim is not redressable. Mr. James's challenge is, at its core, a challenge to the revocation of his parole. He has identified no irregularity in the process for the parole revocation other than the alleged delay of the Commission in reaching the revocation decision and the Board's delay in ruling on the appeal. Since the appeal has been decided, however, there is nothing left that this Court can address in this civil rights case. In response to the motion to dismiss, Mr. James argues that he must be released back on parole, but as the Court previously explained, the Court cannot make a ruling in this case that would impact the fact or duration of his confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997). In other words, the Court cannot order that Mr. James be released back on parole in a civil action of this nature. Any direct challenge to his confinement must be brought through a properly-filed petition for a writ of habeas corpus.

## IV. Conclusion

For the foregoing reasons, Mr. James does not have standing to bring this case and the Court does not have subject matter jurisdiction over it. Accordingly, the defendant's motion to dismiss, dkt. [20], is **granted.** Judgment dismissing this action for lack of jurisdiction shall now issue.

**IT IS SO ORDERED.**

Date: 3/14/2019

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CALVIN JAMES
#00304-025
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov